## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RICHARD MINITER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2330 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| SUN MYUNG MOON *et al.*, | : | | |
| | : | | |
| Defendant. | : | | |

## <u>MEMORANDUM OPINION</u>

### Denying the Plaintiff's Motion for a Preliminary Injunction

## I.  INTRODUCTION

This matter is before the court on the plaintiff's motion for a preliminary injunction.  The plaintiff, a former employee of defendant the *Washington Times* brings suit against the *Washington Times, LLC* ("the *Washington Times*" or "the newspaper") and other defendants alleging breach of contract, promissory estoppel, intentional infliction of emotional distress, false light, unfair trade practices and violations of the Lanham Act, 28 U.S.C. § 1125(b).  The plaintiff seeks an order enjoining the defendants from "dissipating, moving, hiding, or secreting their assets" during the pendency of this litigation.  Because the plaintiff has failed to demonstrate a substantial likelihood of success on the merits or irreparable injury, the court denies his motion for a preliminary injunction.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff worked for the *Washington Times* from February 2009 through September 2009.  Compl. ¶¶ 45, 67; Washington Times's Answer ("Answer") ¶¶ 45, 67.  The plaintiff was initially employed as a consultant and was eventually hired as the Editorial Page Editor and Vice

President of Opinion.  Compl. ¶¶ 25, 40; Answer ¶¶ 25, 40.  Defendant Sun Myung Moon allegedly controls the newspaper, as well as defendants Unification Church International, News World Communications, LLC of Delaware, News World Communications, Inc. and One Up Enterprises, Inc.  Compl. ¶ 4.  Defendant Preston Moon is, according to the plaintiff, the son of Sun Myung Moon and the plaintiff alleges that Preston Moon also exerts control over the corporate defendants.  *Id*. ¶ 6.  Defendant Beth Wolffe and her firm provide legal representation to the *Washington Times*.  *Id*. ¶ 9; Answer ¶ 9.  The other individually named defendants are employees of the *Washington Times*. Compl. ¶¶ 7-8; Answer ¶¶ 7-8.

In July 2009, defendant Sonya Jenkins, Vice President of Human Resources for the *Washington Times* and Thomas McDevitt, the then-President and Publisher of the newspaper, called the plaintiff into a meeting and instructed the plaintiff to begin working from home pending an investigation into his management practices.  Compl. ¶¶ 8, 18, 55-56, 60; Answer ¶¶ 8, 18, 55-56, 60.  The plaintiff alleges that neither Jenkins nor McDevitt provided any explanation for taking this action, and the plaintiff contends that it was taken in retaliation for an earlier encounter with Jenkins.[1]  Compl. ¶¶ 60-62.

On September 22, 2009, Jenkins notified the plaintiff that the newspaper would stop paying him if he did not sign a new employment contract.  *Id*. ¶ 67; Answer ¶ 67.  The new contract included different job duties and a reduction in the plaintiff's base salary, Compl. ¶ 66; Answer ¶ 66, and "was completely incongruent with [the plaintiff's] career goals and expertise," Compl. ¶ 66.

---

[1]    The plaintiff alleges that, in the spring of 2009, Jenkins repeatedly asked the plaintiff to sign a form fraudulently asserting that Jenkins's son lived at the plaintiff's house, which would have made Jenkins's son eligible to attend the grade school in the school district in which the plaintiff's home was located.  Compl. ¶ 55.

The plaintiff filed suit on December 8, 2009, alleging breach of contract, promissory estoppel, intentional infliction of emotional distress, false light, unfair trade practices and violations of the Lanham Act.  Compl. ¶¶ 82-98.  The plaintiff seeks a preliminary injunction prohibiting the newspaper[2] from "dissipating, disposing of or secreting assets, and from destroying or hiding evidence."  Pl.'s Mot. at 4.  The motion is now ripe and the court turns now to the applicable legal standard and the parties' arguments.

## III.  ANALYSIS

### A.  Legal Standard for Injunctive Relief

This court may issue interim injunctive relief only when the movant demonstrates "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218-19 (2008)).  It is particularly important for the movant to demonstrate a likelihood of success on the merits.  *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam).  Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review."  *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The other critical factor in the injunctive relief analysis is irreparable injury.  A movant must "demonstrate that irreparable injury is *likely* in the absence of an injunction."  *Winter*, 129 S. Ct. at 375 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).  Indeed, if a party fails to

---

[2]      In his reply, the plaintiff clarifies that he is only seeking an injunction against the *Washington Times*.  Pl.'s Reply at 3 n.1.

make a sufficient showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1986). Provided the plaintiff demonstrates a likelihood of success on the merits and of irreparable injury, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987). Finally, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

As an extraordinary remedy, courts should grant such relief sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Id.* Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. In addition, any injunction that the court issues must be carefully circumscribed and "tailored to remedy the harm shown." *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990).

### B.    The Court Denies the Plaintiff's Motion for a Preliminary Injunction

The defendants argue that the plaintiff has offered no evidence to justify his assertion that preliminary injunctive relief is warranted in this case. Defs.' Opp'n at 3. The plaintiff, the defendants maintain, is seeking to freeze the newspaper's assets, an action which is inappropriate prior to a final judgment. *Id*. at 5-8. The defendants also contend that the plaintiff is unlikely to succeed on the merits of his claims because the plaintiff never signed the employment contract on which he bases the majority of his clams. *Id*. at 8-10.

The plaintiff responds that he is likely to succeed on the merits because the defendants did "not provide any sworn 'facts' of their own" and cites cases supporting the authority of federal courts to enjoin the removal of assets from the United States.[3]  Pl.'s Reply at 2-3.

Evidence presented by the plaintiff to justify his request for a preliminary injunction need not meet the standard for success in a trial on the merits, *Natural Res. Def. Council v. Pena*, 147 F.3d 1012, 1022-23 (D.C. Dir. 1998) (internal quotation omitted), but it must, however, be credible, *Sampson v. Murray*, 415 U.S. 61, 87 (1974).  The plaintiff here has not provided the court with any supporting evidence to substantiate his claims and his request for injunctive relief. His complaint lays out the factual basis for his claims and sets forth his legal theories, but no documents are attached in support of the complaint.  *See generally* Compl.  Similarly, the plaintiff's four-page motion generally alleges that his circumstances satisfy the requirements for obtaining injunctive relief, but he fails to attach any documentation in support of the motion.  *See generally* Pl.'s Mot.  Critically, neither the plaintiff's complaint nor his motion is accompanied by the employment contract that the defendants' allegedly breached.  *See generally* Compl.; Pl.'s Mot.  Further, the defendants maintain that there was no enforceable contract because the plaintiff never signed one.  Def.'s Opp'n at 4.  As the plaintiff has offered *no* evidence from which the court could asses the merits of his arguments, he has failed to demonstrate a likelihood of success on the merits of his claim.  *See Cornish v. Dudas*, 540 F. Supp. 2d 61, 65 (D.D.C. 2008) (denying the plaintiff's motion for a preliminary injunction based on the plaintiff's conclusory statements and lack of competent evidence); see also *Mazurek*, 520 U.S. at 972 (requiring the movant to justify "by a clear showing" his request for injunctive relief).

Nor has the plaintiff has offered any evidence of irreparable harm.  Although the plaintiff

---

[3]   Because the court denies the plaintiff's motion for failure to demonstrate a substantial likelihood of success on the merits and irreparable injury, it does not reach the parties' arguments regarding the scope of the relief sought by the plaintiff.

makes a number of generalized allegations about the financial state of the *Washington Times*,

Compl. ¶¶ 73-81, he fails to support a single one of these allegations with a shred of evidence.

For instance, the plaintiff claims that

> [b]ased on The Washington Times' economic condition, the departure of many of
> its key executives, the non-payment of its debts, the reductions in paid
> subscriptions and workforce, and its apparent insolvent state, the very
> international nature of the Unification Church, and the South Korean residency of
> many of the newspaper's principals, it appears likely that The Washington Times
> could close suddenly and easily move its assets outside the United States or
> otherwise hide or dissipate them.

*Id*. ¶ 80.  The plaintiff, however, fails to offer any evidence that the *Washington Times* has

moved or intends to move any of its assets.  *See generally* Compl.; Pl.'s Mot.; *see also Barton v.*

*Venneri*, 2005 WL 1119797, at *3 (D.D.C. May 11, 2005) (denying the plaintiff's motion for a

preliminary injunction because the "plaintiff has not submitted any competent evidence into the

record (i.e., affidavits, exhibits) that would permit the Court to assess whether she, in fact, faces

irreparable harm").

The law in this Circuit is clear that the alleged irreparable injury "must be both certain

and great; it must be actual and not theoretical." *Wis. Gas Co. v. Fed. Energy Regulatory*

*Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam).  The plaintiff must show more than a

possibility of injury; he must "demonstrate that irreparable injury is *likely* in the absence of an

injunction." *Winter*, 129 S. Ct. at 375 (internal citations omitted) (emphasis in original).  Given

the speculative nature of the plaintiff's claims of irreparable injury, the court cannot conclude

that he is likely to suffer actual and imminent harm.  *Id.*; *Wis. Gas Co.*, 758 F.2d at 674.  The

plaintiff's conclusory allegations that the newspaper's international contacts will make it easier

for it to transfer assets outside of the United States are insufficient to demonstrate the likelihood

of irreparable injury.  *Winter*, 129 S. Ct. at 375-76 (rejecting a standard that would require a

plaintiff to demonstrate only a "possibility" of irreparable injury).

The burden of proof rests squarely on the plaintiff's shoulders and he has failed to carry that burden. *See Mazurek*, 520 U.S. at 972; *Cobell* 391 F.3d at 258. Because the plaintiff has failed to demonstrate a likelihood of success on the merits and irreparable injury, the court need not reach the other factors relevant to the issue of injunctive relief. *See CityFed Fin. Corp.*, 58 F.3d at 747. Accordingly, the court denies the plaintiff's motion for a preliminary injunction.


## IV.    CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for a preliminary injunction. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of February, 2010.


RICARDO M. URBINA
United States District Judge